Filed
D.C. Superior Court
09/28/2018 13:04PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| JAIME HENAO<br>4920 CHOWAN AVENUE<br>ALEXANDRIA, VA 22312 | : <br> : | |
| Plaintiff, | : | |
| v. | : | Case No.: 2018 CA 006886 B |
| SMITHS DETECTION, INC.<br>2202 LAKESIDE BLVD.<br>EDGEWOOD, MD 21040<br>Serve on:<br>CT Corporation System<br>1015 15th Street NW<br>Suite 1000<br>Washington, DC 20005 | : <br> : <br> : <br> : <br> : | |
| and | : | |
| C.H. ROBINSON TRANSPORTATION COMPANY, INC., A/K/A C.H. ROBINSON COMPANY, INC.<br>14701 HARLSON ROAD<br>EDEN PRAIRE, MN 55334<br>Serve on:<br>CSC-Lawyers Incorporating Svc. Co.:<br>7 St. Paul St.<br>Suite 820<br>Baltimore, MD 21202 | : <br> : <br> : <br> : <br> : | |
| and | : | |
| C.H. ROBINSON COMPANY<br>14701 HARLSON ROAD<br>EDEN PRAIRE, MN 55334<br>Serve on:<br>CSC-Lawyers Incorporating Svc. Co.<br>7 St. Paul St.<br>Suite 820<br>Baltimore, MD 21202 | : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

## COMPLAINT

### INTRODUCTION

Jamie Henao, through counsel, Benjamin T. Boscolo, Ashley E. Strandjord., and CHASENBOSCOLO, brings this cause of action against Defendants Smiths Detection, Inc., C.H. Robinson Transportation Company a/k/a C.H. Robinson Company, inc., and C.H. Robinson Company for damages resulting from injuries that occurred as a result of the Defendants' negligence.

### JURISDICTION

1. Jurisdiction of this Court is founded upon D.C. Code 11-921, et seq, 2001 Edition, as supplemented.

2. Jurisdiction of this Court is founded upon D.C. Code. § 13-423, et seq, 2001 Edition, as supplemented.

### PARTIES

3. Jaime Henao ("Mr. Henao") is a resident of the city of Alexandria, Virginia.

4. Upon information and belief, Defendant Smiths Detections, Inc. ("Defendant Smiths") is a business entity with a principal place of business located in Edgewood, Maryland, that is registered to conduct, and does conduct, business in the District of Columbia.

5. Upon information and belief, Defendant, C.H. Robinson Transportation Company, Inc. a/k/a C.H. Robinson Company, Inc. ("Defendant Transportation") is a business entity with a principal place of business located in Eden Prairie, Minnesota, that conducts business in the District of Columbia.

6. Upon information and belief, Defendant, C.H. Robinson Company, Inc. ("Defendant Robinson") is a business entity with a principal place of business located in Eden Prairie, Minnesota, that conducts business in the District of Columbia.

## STATEMENT OF FACTS

1. Defendant Smiths' manufactures a piece of equipment called the Detection HI-SCAN 6046si (hereinafter "Scanner"). It is used by security personnel to x-ray containers of all kinds that are being brought into buildings. The scanner weighs approximately 881 pounds. Because of the weight of the scanner, it requires at least two (2) people to move it.

2. Defendant Smith sold a Scanner for installation and use at 1 Columbus Circle NE, Washington, D.C.

3. Defendant Smith hired Defendant Robinson and/or Defendant Transportation to deliver the Scanner to 1 Columbus Circle NE, Washington, D.C.

4. On or about December 7, 2015, Defendant Robinson and/or Defendant Transportation sent one of its drivers to deliver the Scanner to 1 Columbus Circle NE, Washington, D.C.

5. At all times relevant to acts and omission on which this civil action is based, Defendants Robinson and/or Transportation were acting on the instruction or permission of Defendant Smiths. Defendants Robinson and/or Transportation were acting within the scope of the instruction or permission of Defendant Smiths. As such, at all times Defendants Robinson and/or Transportation were agents of Defendant Smiths.

6. At all times relevant to acts and omission on which this civil action is based, Driver was an employee of Defendant Robinson and/or Defendant Transportation. Driver was acting on the instruction or permission of Defendant Robinson and/or Defendant Transportation. Driver was acting within the scope of the instruction or permission of Defendant Robinson and/or Defendant Transportation. As such, at all times, Driver was an agent of Driver was acting on the instruction or permission of Defendant CH Robinson and/or Defendant Transportation.

7. On December 7, 2015, Driver arrives at 1 Columbus Circle and begins to unload the Scanner. Driver moves the Scanner to the lift gate of the delivery truck. Driver struggles to control the Scanner. It appears that the Scanner going to fall off the lift gate.

8. Mr. Henao approaches Driver to offer assistance. Driver loses control of the Scanner. The Scanner falls on Mr. Henao's injuring him.

9. It is the duty of Defendant Smiths to make sure that its equipment is delivered safely.

10. It is the duty of Defendant Smiths to tell delivery companies it hires that it takes no less than two people to deliver the Scanner.

11. It is the duty of Defendant Smiths to hire companies who are qualified to deliver its equipment safely.

12. It is the duty of Defendant Smiths to hire companies who are qualified to deliver its equipment safely.

13. It is the duty of Defendant Smiths to know of Defendants Robinson's propensities to improperly deliver the Scanner.

14. It was the duty of Defendant Smith to know of Defendants Robinson's propensities to deliver the Scanner in a dangerous manner.

15. It is the duty of Defendant Smiths to know of Defendants Transportation's propensities to improperly deliver the Scanner.

16. It is the duty of Defendant Smiths to know of Defendants Transportation's propensities to deliver the Scanner in a dangerous manner.

17. It is the duty of Defendant Smiths to comply with all applicable Federal and District of Columbia regulations designed to promote and protect public safety.

18. Defendant Smiths breached its duty by choosing not to make sure its equipment is delivered safely.

19. Defendant Smiths breached its duty by choosing not to tell delivery companies it hires that it takes no less than two people to deliver the Scanner.

20. Defendant Smiths breached its duty by choosing not to hire companies who are qualified to safely deliver its equipment.

21. Defendant Smiths breached its duty by choosing not to know of Defendants Robinson's propensities to deliver the Scanner improperly.

22. Defendant Smiths breached its duty by choosing not to know of Defendants Robinson's propensities to deliver the Scanner in a dangerous manner.

23. Defendant Smiths breached its duty by choosing not to know of Defendants Transportation's propensities to improperly deliver the Scanner.

24. Defendant Smiths breached its duty by choosing not to know of Defendants Transportation's propensities to deliver the Scanner in a dangerous manner.

25. Defendant Smiths breached its duty when it chose not to comply with all applicable Federal and District of Columbia regulations designed to promote and protect public safety.

26. It is the duty of Defendant Robinson to deliver equipment safely.

27. It is the duty of Defendant Robinson to assign as many employees as is takes to deliver equipment safely.

28. It is the duty of Defendant Robinson to have a written policy concerning the safe delivery of equipment.

29. It is the duty of Defendant Robinson to enforce its written policy concerning the safe delivery of equipment.

30. It is the duty of Defendant Robinson to hire safe, qualified delivery people.

31. It is the duty of Defendant Robinson to train its employees to deliver equipment safely

32. It is the duty of Defendant Robinson to supervise its' employees to be sure they deliver equipment safely.

33. It is the duty of Defendant Smiths to comply with all applicable Federal and District of Columbia regulations designed to promote and protect public safety.

34. Defendant Robinson breached its duty when it chose not to safely deliver equipment.

35. Defendant Robinson breached its duty when it chose not to assign as many employees as is takes to deliver equipment safely.

36. Defendant Robinson breached its duty when it chose not to have a written policy concerning the safe delivery of equipment.

37. Defendant Robinson breached its duty when it chose not to enforce its written policy concerning the safe delivery of equipment.

38. Defendant Robinson breached its duty when it chose not to assign as many employees, as is takes to deliver equipment safely.

39. Defendant Robinson breached its duty when it chose not to hire safe, qualified delivery personnel.

40. Defendant Robinson breached its duty when it chose not to train its employees to deliver equipment safely.

41. Defendant Robinson breached its duty when it chose not to supervise its employees to be sure they deliver equipment safely.

42. Defendant Robinson breached its duty when it chose not to comply with all applicable Federal and District of Columbia regulations designed to promote and protect public safety.

43. It is the duty of Defendant Transportation to deliver equipment safely.

44. It is the duty of Defendant Transportation to assign as many employees as is takes to deliver equipment safely.

45. It is the duty of Defendant Transportation to have a written policy concerning the safe delivery of equipment.

46. It is the duty of Defendant Transportation to enforce its written policy concerning the safe delivery of equipment.

47. It is the duty of Defendant Transportation hire safe, qualified delivery personnel.

48. It is the duty of Defendant Transportation to train its employees to deliver equipment safely.

49. It is the duty of Defendant Transportation to supervise its employees to be sure they deliver equipment safely.

50. It is the duty of Defendant Smiths to comply with all applicable Federal and District of Columbia regulations designed to promote public safety.

51. Defendant Transportation breached its duty when it chose not to deliver equipment safely.

52. Defendant Robinson breached its duty when it chose not to assign as many employees as is takes to deliver equipment safely.

53. Defendant Transportation breached its duty when it chose not to have a written policy concerning the safe delivery of equipment.

54. Defendant Transportation breached its duty when it chose not to enforce its written policy concerning the safe delivery of equipment.

55. Defendant Transportation breached its duty when it chose not to assign as many employees as is takes to deliver equipment safely.

56. Defendant Transportation breached its duty when it chose not to hire safe, qualified delivery personnel.

57. Defendant Transportation breached its duty when it chose not to train its employees to deliver equipment safely.

58. Defendant Transportation breached its duty when it chose not to supervise its employees to be sure they deliver equipment safely

59. Defendant Transportation breached its duty when it chose not to comply with all applicable Federal and District of Columbia regulations designed to promote and protect public safety.

60. As a direct and proximate result of the negligence of Defendants Smiths, Transportation and Robinson Company, Mr. Henao has endured severe and uncompensated damages. These damages include past, present, and future physical symptoms, immobility, isolation, and a diminished capacity to perform his activities of daily living and enjoy life. Mr. Henao endured and continues to endure from mental and emotional damages, including frustration, fright, shock and anguish. Mr. Henao has lost and will continue to lose wages and wage earning opportunities.

61. Mr. Henao neither contributed to the violations of the safety rules that caused this incident, nor assumed the risk of injuries sustained.

## STATEMENT OF CLAIMS

### COUNT I

### (NEGLIGENCE)

62. Mr. Henao, incorporates the allegations of paragraphs one through sixty-one above and, in addition, avers that Defendant Smiths choices constitute negligence justifying an allowance of money damages against defendant Smith.

### COUNT II

### (VICARIOUS LIBAILITY- SMITHS)

63. Mr. Henao, incorporates the allegations of paragraphs one through sixty-two above and, in addition, avers that Defendant Smiths is vicariously liable for its agents' choices that constitute negligence justifying an allowance of money damages against defendant Smith.

### COUNT III

### (NEGLIGENT HIRING - SMITHS)

64. Mr. Henao, incorporates the allegations of paragraphs one through sixty-three above and, in addition, avers that Defendant Smiths is vicariously liable for its agents choices

that constitute negligence justifying an allowance of money damages against defendant Smith.

## COUNT IV

### (NEGLIGENCE PER SE - SMITHS)

65. Mr. Henao, incorporates the allegations of paragraphs one through sixty-four above and, in addition, avers that Defendant Smiths choices constitute negligence per se justifying an allowance of money damages against defendant Smith.

## COUNT V

### (NEGLIGENCE - ROBINSON)

66. Mr. Henao, incorporates the allegations of paragraphs one through sixty-five above and, in addition, avers that Defendant Robinson's choices that constitute negligence justifying an allowance of money damages against defendant Robinson.

## COUNT VI

### (VICARIOUS LIABILITY - ROBINSON)

67. Mr. Henao, incorporates the allegations of paragraphs one through sixty-six above and, in addition, avers that Defendant Robinson is vicariously liable for its agents' choices that constitute negligence justifying an allowance of money damages against defendant Robinson.

## COUNT VII

### (NEGLIGENT HIRING, TRAINING AND SUPERVISION - ROBINSON)

68. Mr. Henao, incorporates the allegations of paragraphs one through sixty-seven above and, in addition, avers that Defendant Robinson choices constitute negligent, hiring training and supervision justifying an allowance of money damages against defendant Robinson.

## COUNT VIII

### (NEGLIGENCE PER SE - ROBINSON)

69. Mr. Henao, incorporates the allegations of paragraphs one through sixty-eight above and, in addition, avers that Defendant Robinson choices constitute negligence per se justifying an allowance of money damages against defendant Robinson.

## COUNT IX

### (NEGLIGENCE - TRANSPORTATION)

70. Mr. Henao, incorporates the allegations of paragraphs one through sixty-nine above and, in addition, avers that Defendant Transportation is vicariously liable for its agents' choices that constitute negligence justifying an allowance of money damages against defendant Transportation.)

## COUNT X

### (VICRIOUS LIABILITY - TRANSPORTATION)

71. Mr. Henao, incorporates the allegations of paragraphs one through seventy above and, in addition, avers that Defendant Transportation is vicariously liable for its agents choices that constitute negligence justifying an allowance of money damages against defendant Transportation.

## COUNT XI

### (NEGLIGENT HIRING, TRAINING AND SUPERVISION - TRANSPORTATION)

72. Mr. Henao, incorporates the allegations of paragraphs one through seventy-one above and, in addition, avers that Defendant Transportation choices constitute negligent, hiring training and supervision justifying an allowance of money damages against defendant Transportation.

## COUNT XII

### (NEGLIGENCE PER SE - TRANSPORTATION)

73. Mr. Henao, incorporates the allegations of paragraphs one through seventy-two above and, in addition, avers that Defendant Transportation choices constitute negligence per se justifying an allowance of money damages against defendant Transportation.

### PRAYER FOR RELIEF

WHEREFORE, Jaime Henao, prays for a judgment against the Defendants, jointly and severally, and that damages be awarded in an amount equal to past, present, and future medical expenses, past present and future lost wages, past present and future pain and suffering in the amount over ONE MILLION DOLLARS ($1,000,000.00) and that Mr. Henao receives interests from the date of the incident described herein, costs of this suit and further relief as this Court deems proper.

### JURY DEMAND

Mr. Henao demands a trial by jury on all issues presented.

Respectfully submitted,

**CHASENBOSCOLO INJURY LAWYERS**

By: _____
Benjamin T. Boscolo
DC Bar No: 412860:
bboscolo@chasenboscolo.com

By: _____
Ashley E. Strandjord, Esq.
DC Bar Number: 1031554
astrandjord@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
Telephone: (301) 220-0050
Facsimile: (301) 474-1230
*Counsel for Jaime Henao*

Case 1:18-cv-02564   Document 1-1   Filed 11/07/18   Page 12 of 18



Filed
D.C. Superior Court
10/01/2018 15:45PM
Clerk of the Court

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Jaime Henao

C.H. Robinson Company, Inc.
14701 Harlson Rd., Eden Praire, MD 55334
SERVE:
CSC-Lawyers Incorporating Svc. Co.
7 St. Paul St., Suite 830
Baltimore, MD 21202

Plaintiff

Defendant

Case Number  2018 CA 006886 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Ashley E. Strandjord
Name of Plaintiff's Attorney
7852 Walker Dr., Suite 300
Address
Greenbelt, MD 20770
(301) 220-0050
Telephone

Clerk of the Court
By _____ Deputy Clerk

Date  10/12/2018

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                       CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

Jaime Henao

C.H. Robinson Company, Inc.                    Demandante
                       contra
14701 Harlson Rd., Eden Praire, MD 55334
SERVE: CSC-Lawyers Incorporating Svc. Co.
7 St. Paul St., Suite 830                      Demandado
Baltimore, MD 21202

Número de Caso: 2018 CA 006886 B

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Ashley E. Strandjord
Nombre del abogado del Demandante

7852 Walker Dr., Suite 300
Dirección
Greenbelt, MD 20770

(301) 220-0050
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
         Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화주십시요   የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

JAIME HENAO
Vs.                                                              C.A. No.      2018 CA 006886 B
SMITHS DETECTIONS, INC. et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                        Chief Judge Robert E. Morin

Case Assigned to: Judge NEAL E KRAVITZ
Date:  October 1, 2018
Initial Conference: 9:00 am, Friday, December 28, 2018
Location:  Courtroom 100
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001

                                                                                    CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin

CAIO-60

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| JAIME HENAO<br>4920 CHOWAN AVENUE<br>ALEXANDRIA, VA 22312 | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 2018 CA 006886 B |
| SMITHS DETECTION, INC.<br>2202 LAKESIDE BLVD.<br>EDGEWOOD, MD 21040<br>Serve on:<br>CT Corporation System<br>1015 15th Street NW<br>Suite 1000<br>Washington, DC 20005 | : | |
| and | : | |
| C.H. ROBINSON TRANSPORTATION COMPANY, INC., A/K/A C.H. ROBINSON COMPANY, INC.<br>14701 HARLSON ROAD<br>EDEN PRAIRE, MN 55334<br>Serve on:<br>CSC-Lawyers Incorporating Svc. Co.:<br>7 St. Paul St.<br>Suite 820<br>Baltimore, MD 21202 | : | |
| and | : | |
| C.H. ROBINSON COMPANY<br>14701 HARLSON ROAD<br>EDEN PRAIRE, MN 55334<br>Serve on:<br>CSC-Lawyers Incorporating Svc. Co.<br>7 St. Paul St.<br>Suite 820<br>Baltimore, MD 21202 | : | |
| Defendants. | : | |

## LINE TO ISSUE SUMMONS

Please issue a summons for Defendants Smith Detections, Inc.; CH. Robinson Transportation Company, Inc.; and C.H. Robinson Company at the addresses listed above and return same to our Greenbelt address for service by private process.

Respectfully submitted,

**CHASENBOSCOLO INJURY LAWYERS**

By: _____
Benjamin T. Boscolo
DC Bar No: 412860:
bboscolo@chasenboscolo.com

By: _____
Ashley E. Strandjord, Esq.
DC Bar Number: 1031554
astrandjord@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
Telephone: (301) 220-0050
Facsimile: (301) 474-1230
*Counsel for Jaime Henao*

| All Information | Party | Event | Docket | Receipt | Disposition |

## Docket Information

| Date | Docket Text | Image Avail. |
| --- | --- | --- |
| 09/28/2018 | Complaint for Negligence Filed  Receipt: 409586  Date: 10/01/2018 | |
| 09/28/2018 | eComplaint. Filed. Submitted. 09/28/2018 13:04. ncv.<br>(NO INFORMATION SHEET AND NO SUMMONS SUBMITTED AT FILING)<br>Attorney: BOSCOLO, Mr BENJAMIN T (412860)<br>JAIME HENAO (Plaintiff); | Image |
| 10/01/2018 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 12/28/2018   Time: 9:00 am<br>Judge: KRAVITZ, NEAL E   Location: Courtroom 100 | |