**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAIME HENAO,<br><br>*Plaintiff*,<br><br>v.<br><br>SMITHS DETECTION, INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 18-2564 (TJK) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jaime Henao, a passerby, stopped to help a delivery truck driver unload a large x-ray scanner—only to have the scanner fall off the truck and injure him. Almost three years later, he sued several parties, including the scanner's manufacturer and two companies purportedly delivering it that unlucky day. He seeks recovery under various theories of negligence. Before the Court are motions to dismiss filed by the three remaining defendants named in his amended complaint. For the reasons explained below, the Court will grant the motions and dismiss the amended complaint, but not the action.

## I. Background

For purposes of the instant motions, the Court presumes the truth of the allegations in the amended complaint. Defendant Smiths Detection, Inc., ("Smiths") manufactures x-ray scanners used for building security. ECF No. 19 ("Am. Compl.") ¶ 1.[1] Around December 2015, Smiths sold a scanner to a customer in the District of Columbia and arranged for its delivery. *Id.* ¶ 2. The scanner weighed almost 900 pounds. *Id.* ¶ 1. Smiths contracted Defendant CRST

[1] Citations to factual allegations in the amended complaint begin with numbered paragraphs starting on page three.

Specialized Transportation, Inc. ("CRST") to arrange for the delivery of the scanner. *Id.* ¶ 4. CRST, in turn, contracted with Defendant Valley Logistics, LLC ("Valley") to make the delivery. *Id.* ¶ 5. On December 7, 2015, Henao was walking near Columbus Circle N.E. when he observed a delivery truck driver employed by either CRST or Valley struggling to unload the scanner from his truck.[2] *Id.* ¶¶ 12–13. Henao approached the driver to help. *Id.* As Henao approached, the driver lost control of the scanner and it fell off the truck's liftgate and onto Henao, injuring him. *Id.*

In September 2018, Henao filed this action in the Superior Court for the District of Columbia against Smiths and two other defendants purportedly responsible for the delivery of the scanner—C. H. Robinson Transportation Company, Inc. ("CHRTC") and C. H. Robinson Company ("CHRC"). ECF No. 1-1. In his original complaint, Henao brought claims for negligence, vicarious liability, negligent hiring, and negligence per se against each defendant. In November 2018, CHRTC and CHRC removed this action to this Court based on diversity jurisdiction, ECF No. 1, and Smiths consented to removal, ECF No. 9.

On December 5, 2018, Henao moved for leave to file an amended complaint that named CRST and Valley as defendants for the first time, alleging the same four negligence claims against them. *See* ECF No. 14. That same day, the Court denied the motion without prejudice for failure to comply with Local Rule 7(m), which requires, before filing any nondispositive motion, counsel for the moving party to confer with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought. *See* Minute Order of December 5, 2019. On December 11, 2018, Henao filed a second motion for leave to amend that complied

---

[2] Plaintiff's amended complaint contains separate allegations that, "[a]t all times relevant to acts and omission[s] on which this civil action is based," the delivery driver was an employee of CRST and Valley. Am. Compl. ¶¶ 7–8.

with Local Rule 7(m), ECF No. 16, which the Court granted, ECF No. 19. The Court also dismissed CHRTC and CHRC as parties to the action, in accordance with a stipulation of voluntary dismissal signed by Henao's counsel. ECF No. 18.

Smiths, CRST, and Valley now move to dismiss Henao's amended complaint pursuant to Federal Rule of Civil Procedure 12. Smiths contends that the claims against it should be dismissed under Rule 12(b)(6) for failure to state a claim. ECF No. 22. CRST and Valley argue that Henao's claims against them should be dismissed under Rule 12(b)(6) as time-barred or, in the alternative, for failure to state a claim. ECF Nos. 24, 26. For the reasons explained below, the Court will grant the motions.

## II. Legal Standard

Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." "A court considering such a motion presumes the factual allegations of the complaint to be true and construes them liberally in the plaintiff's favor." *Philogene v. District of Columbia*, 864 F. Supp. 2d 127, 133 (D.D.C. 2012) (citing *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000)).

If "the allegations [in a complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). But a defendant "may raise a statute of limitations as an affirmative defense via a Rule 12(b)(6) motion only when the facts that give rise to the defense are clear from the face of the complaint." *Wash. Metro. Area Transit Auth. v. Ark Union Station, Inc.*, 268 F. Supp. 3d 196, 203 (D.D.C. 2017) (citing *Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 85 (D.D.C. 2014)). "If no reasonable person could disagree on the date on which the cause of

action accrued, the court may dismiss a claim on statute of limitations grounds." *Id.* at 204 (quoting *DePippo v. Chertoff*, 453 F. Supp. 2d 30, 33 (D.D.C. 2006)).

In addition, to survive a Rule 12(b)(6) motion, the plaintiff's complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are unnecessary, a complaint must contain "a claim that is plausible on its face" that goes beyond "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). That is, the factual allegations in the complaint should allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . do not suffice." *Id.* And in deciding motions to dismiss, the Court examines only those facts alleged in the complaint, *see Tabb v. District of Columbia*, 477 F. Supp. 2d 185, 187 (D.D.C. 2007), and need not consider facts alleged in later motions, *see Garabis v. Unknown Officers of Metro. Police*, 820 F. Supp. 2d 32, 35–36 (D.D.C. 2011).

## III. Analysis

### A. Whether the Amended Complaint's Claims Against CRST and Valley are Barred by the Statute of Limitations

CRST and Valley argue that claims against them are time-barred. *See* ECF No. 24; ECF No. 26. "When deciding state-law claims under diversity or supplemental jurisdiction, federal courts apply the choice-of-law rules of the jurisdiction in which they sit." *Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 148 (D.C. Cir. 1997). As a result, the law of the District of Columbia governs the limitations period for Henao's claims.

The D.C. Code sets a three-year limitations period for negligence actions. *See* D.C. Code § 12-301(8); *see also Upshaw v. Progressive Ins. Co.*, 292 F. Supp. 3d 205, 210 (D.D.C. 2017). This period begins to run on the date of the plaintiff's injury. *Upshaw*, 292 F. Supp. 3d at 210. Thus, the statute of limitations for Henao's claims began to run on December 7, 2015 and expired on December 7, 2018.[3] But Henao did not successfully move for leave to amend his complaint to add CRST and Valley as defendants until December 11, 2018. ECF No. 16. Thus, Henao's claims against CRST and Valley are untimely, and he concedes as much.[4] *See* ECF No. 30 at 4 ("Defendant Valley was added as an additional defendant to this matter after the statute of limitations period had run . . . ."); ECF No. 31 at 4 (same).

Still, Henao contends that the Court may reach his claims because they "relate[] back" to the original complaint. ECF No. 30 at 5; ECF No. 31 at 5. The relation back doctrine, codified in Federal Rule of Civil Procedure 15(c)("Relation Back of Amendments"), permits a party "to correct a pleading error, by adding a new claim or new party, after the statutory limitations period has expired." *Philogene*, 864 F. Supp. 2d at 133 (citing *United States v. Hicks*, 283 F.3d 380, 387 (D.C. Cir. 2002)). Under Rule 15(c)(1)(C), a plaintiff may add claims against a newly added party provided that they arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," and the party to be added "received such notice of the action that it will not be prejudiced in defending on the merits" and "knew or should

[3] In his briefing, Henao argues that the relevant limitations period ended on December 6, 2018. ECF No. 30 at 4; ECF No. 31 at 4. However, whether the limitations period expired on December 6 or 7 is immaterial to the Court's resolution of the motion.

[4] The Court notes that Henao does not argue that the limitations period for his claims against CRST and Valley should be equitably tolled because he unsuccessfully moved for leave to amend his complaint on December 5, 2018.

have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

As the D.C. Circuit has explained, "the evident purpose of the rule . . . is to avoid the harsh consequences of a mistake that is neither prejudicial nor a surprise to the misnamed party." *Rendall-Speranza v. Nassim*, 107 F.3d 913, 919 (D.C. Cir. 1997). If, however, that newly added party "legitimately believed that the limitations period had passed without any attempt to sue him," then Rule 15(c)(1)(C) does not save otherwise untimely claims. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010). For this reason, "[a] potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen . . . ." *Rendall-Speranza*, 107 F.3d at 918.

Despite his contention that the relation back doctrine saves his claims, Henao fails to show—as required by Rule 15(c)(1)(C)(ii)—that CRST or Valley knew, or should have known, that they would have been named as defendants in this suit but for a mistake of identity. *See* ECF Nos. 30, 31. Instead, he argues that his claims against CRST and Valley relate back to his original complaint because "it is without a doubt" that they knew about the incident in December 2015 and thus "could have reasonably anticipated litigation based on the return of the Scanner to [their] warehouse/facilities at or near the time of the incident at issue." ECF No. 30 at 6; ECF No. 31 at 6. But this allegation, even if true, comes up short. For claims against a new party to "relate back," the new defendant must have adequate "notice of *the action*," as well as notice that it would have been named as a defendant "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C) (emphasis added). Mere knowledge of the incident that led to the action is insufficient. *See Grigsby v. Johnson*, No. 95-213 (TFH/DAR), 1996 WL

444052, at *5 (D.D.C. May 14, 1996); *see also Aslandidis v. U.S. Lines, Inc.*, 7 F. 3d 1067, 1076 (2d Cir. 1993) ("Rule 15(c) . . . require[s] notice of plaintiff's cause of action, not simply notice of the accident.").[5]

Moreover, Henao has not shown that he added CRST and Valley as defendants because of a "mistake concerning the proper party's identity," much less that either defendant knew or should have known of any such mistake. Rather, he claims to have discovered the identity of CRST and Valley through an investigation shortly before the expiration of the limitations period, months after the action was filed. ECF No. 30 at 5; ECF No. 31 at 5. But a plaintiff's lack of knowledge of the identity of the proper defendant is not "a mistake entitled to relation back." *Grigsby*, 1996 WL 444052, at *5 (citing *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995)); *see also Gipson v. Wells Fargo Corp.*, 382 F. Supp. 2d 116, 119 (D.D.C. 2005). Thus, Henao fails to establish that, within the limitations period, CRST and Valley knew or should have known that they would have been named as defendants but for "a mere slip of the pen." *Rendall-Speranza*, 107 F.3d at 918.

For these reasons, Henao's untimely claims against CRST and Valley do not relate back to his original complaint. As a result, because the statute of limitations on those claims elapsed before CRST and Valley were named as defendants, the Court will dismiss them as time-barred.

[5] Henao also fails to show that CRST or Valley had "constructive notice" of the lawsuit, which may be attributed to new defendant if, for instance, it is a closely related member of the same corporate family as an original defendant sued by mistake. *See Kubicki on behalf of Kubicki v. Medtronic, Inc.*, 293 F. Supp. 3d 129, 165 (D.D.C. 2018) (citing *Krupski*, 560 U.S. at 554–55); *Johnson v. Paragon Sys., Inc.*, 305 F. Supp. 3d 139, 146 (D.D.C. 2018). Even if CRST or Valley "could have reasonably anticipated" a lawsuit based on their purported knowledge of the incident, he cites no authority for the proposition that this would show constructive knowledge of the suit itself.

### B. Whether the Amended Complaint States a Claim Against Smiths

Smiths argues that claims against it should be dismissed because the amended complaint fails to allege facts that adequately state a claim against it. In the amended complaint, Henao pleads four theories liability against Smiths: (1) negligence for failing to ensure its product was delivered safely, (2) vicarious liability for the actions of contractors that contributed to his injury, (3) negligent hiring, and (4) negligence per se. Am. Compl. ¶¶ 14–30, 101–104. Because it sits in diversity, the Court must apply the District of Columbia's substantive law. *See Metz v. BAE Sys. Tech. Sol. & Servs., Inc.*, 774 F.3d 18, 21 (D.C. Cir. 2014). The Court addresses each claim in turn.

#### 1. General Negligence

Under Count I, Henao seeks recovery against Smiths under a general negligence theory. Am. Compl. ¶ 101. "To establish a claim for negligence, a plaintiff must allege that (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; and (3) the defendant's acts proximately caused the plaintiff to suffer an injury." *Smith v. United States*, 157 F. Supp. 3d 32, 40 (D.D.C. 2016) (citing *Wash. Metro. Area Transit Auth. v. Ferguson*, 977 A.2d 375, 377 (D.C. 2008). In so doing, a plaintiff "must specify a negligent act and 'characterize the duty whose breach might have resulted in negligence liability.'" *Id.* (quoting *District of Columbia v. White*, 442 A.2d 159, 162 (D.C. 1982)). And under District of Columbia law, "a court's examination of whether a duty exists [is] a 'foreseeability of harm test' that is determined, in large part, by the nature of the relationship between the parties." *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 794 (D.C. 2011) (citing *Odemns v. District of Columbia*, 930 A.2d 137, 143 (D.C. 2007)). In general, "there is only a minimal duty—if any—owed to a party who is at arms' length," but "[o]nce the defendant enters into a relationship with the

plaintiff . . . a corresponding duty of care arises." *Id.* Finally, in alleging a negligence claim, "[t]he description of the duty cannot . . . 'rest on mere conclusory assumptions.'" *Smith*, 157 F. Supp. 3d at 40 (quoting *Simms v. District of Columbia*, 699 F. Supp. 2d 217, 227 (D.D.C. 2010)).

Smiths argues that Henao's negligence claim must be dismissed because he fails to allege the existence of a relationship between himself and Smiths sufficient to establish a legally-enforceable duty. ECF No. 22-1 at 4. The Court agrees. Henao's negligence claim against Smiths hinges on two cursory allegations: (1) "[i]t is the duty of Defendant Smiths to make sure that its equipment is delivered safely," Am. Compl. ¶ 14, and (2) "Defendant Smiths breached its duty by choosing not to make sure its equipment is delivered safely," *id.* ¶ 23. But Henao does not allege the existence of a relationship through which Smiths owed a duty *to him*. And he fails to specify either a relevant standard of care or how Smiths deviated from that standard. Rather, Henao merely repeats, in a conclusory fashion, that Smiths breached various duties it purportedly owed to him, such as a duty "to tell delivery companies it hires that it takes no less than two people to deliver the [s]canner," *id.* ¶¶ 15, 24; and "to hire companies who are qualified to deliver its equipment safely," *id.* ¶¶ 16, 25. With no additional support for his allegations, the Court cannot plausibly infer that Smiths is liable to Henao for negligence. The Court will thus grant Smiths' motion as to Count I.

**2. Vicarious Liability**

Under Count II, Henao alleges that Smiths is vicariously liable for the negligence of its agents. Am. Compl. ¶ 102. Vicarious liability requires the existence of an agent-principal relationship. *Crawford v. Signet Bank*, 179 F.3d 926, 929 (D.C. Cir. 1999). It "is not an independent cause of action, but rather is a legal concept used to transfer liability from an agent to a principal." *Id.* A principal-agent relationship generally exists when there is "(1) an

indication by the principal that the agent will act on his behalf and [will be] subject to his control, [and] (2) a manifestation of consent by the agent to so act." *Griggs v. Wash. Metro. Area Transit Auth.*, 66 F. Supp. 2d 23, 28 (D.D.C. 1999). The principal cannot be liable for its agent's conduct if the agent itself is not liable. *Crawford*, 179 F.3d at 929.

Henao contends that Smiths is "vicariously liable for its agents' choices that constitute negligence . . . ." Am. Compl. ¶ 102. But it is unclear from the remainder of the complaint which entities he alleges were Smiths' agents. Henao alleges that Smiths had a duty to know of CHRTC and CHRC's "propensities to improperly deliver the [s]canner [and] to deliver the [s]canner in a dangerous manner." *Id.* ¶¶ 18–21. But the Court dismissed those parties from this action, with Henao's consent, months ago. Minute Order of Jan. 15, 2019. Henao fails to make *any* similar allegations against CRST and Valley in his amended complaint. More importantly, even if he had, Henao fails to allege any facts establishing that any of these companies had an agent-principal relationship with Smiths. He also fails to identify the specific negligent conduct that would subject Smiths to vicarious liability. Because Henao has not adequately pled a claim against Smiths for vicarious liability, the Court will grant Smiths' motion as to Count II.

**3. Negligent Hiring**

Under Count III, Henao alleges that Smiths is liable for negligent hiring by "choosing not to hire companies who are qualified to safely deliver its equipment." Am. Compl. ¶¶ 25, 103. To state a claim for negligent hiring, a plaintiff must allege specific facts that would support the inference that "the employer did not conduct a reasonable background investigation, and that such an investigation would have uncovered a reason not to hire the alleged tortfeasor." *Search v. Uber Techs., Inc.*, 128 F. Supp. 3d 222, 230 (D.D.C. 2015).

Here, Henao asserts no facts that would support an inference that Smiths failed to conduct a background investigation or that an investigation would have uncovered a reason not to hire either CRST or Valley. And again, the allegations that he does make relate to the previously dismissed defendants CHRTC and CHRC. *See* Am. Compl. ¶ 26 ("Defendant Smiths breached its duty by choosing not to know of [CHRC's] propensities to deliver the [s]canner improperly."). Because Henao makes no specific factual allegations supporting his claim that Smiths negligently hired CRST or Valley—the two companies that, he alleges, were directly responsible for his injury, *id.* ¶¶ 7–8—his claim for negligent hiring cannot survive. The Court will therefore grant Smiths' motion as to Count III.

**4. Negligence Per Se**

Under Count IV, Henao alleges that Smiths is liable under a theory of negligence per se for failing "to comply with all applicable Federal and District of Columbia regulations designed to promote public safety." *Id.* ¶ 22, 30, 104. "To prevail on a negligence *per se* theory, the plaintiff may, in certain circumstances and under specified conditions . . . , rely on a statute or regulation as proof of the applicable standard of care." *McNeil Pharm. v. Hawkins*, 686 A.2d 567, 578 (D.C. 1996). The statute or regulation "must impose specific duties on the defendant" to support a negligence per se theory. *Iacangelo v. Georgetown Univ.*, 595 F. Supp. 2d 87, 92 (D.D.C. 2009). "The party relying upon the statutory standard must, at the outset, establish its applicability by showing that he is within the class of persons intended to be protected by it, and that the injury incurred resulted from the type of risk against which the statute was designed to protect." *Lewis v. Wash. Metro. Area Transit Auth.*, 463 A.2d 666, 674 (D.C. 1983).

In this case, Henao fails to identify (1) the specific laws or regulations that Smiths purportedly violated; (2) the specific conduct that amounted to a violation of those laws or

regulations; or (3) how any such violation breached of a standard of care owed to the him. His threadbare allegation that Smiths "chose not to comply with all applicable Federal and District of Columbia regulations designed to promote public safety," without more, cannot sustain his claim of negligence per se. As a result, the Court will grant Smiths' motion as to Count IV.

## IV. Conclusion and Order

For the reasons set forth above, the Court hereby **ORDERS** that CRST and Valley's motions to dismiss (ECF Nos. 24 and 26) are **GRANTED** and all counts against them in Henao's amended complaint are **DISMISSED**. The Clerk of the Court is directed to terminate CRST and Valley as parties to this action.

It is further **ORDERED** that Smiths' Motion to Dismiss (ECF No. 22) is **GRANTED** and the amended complaint (ECF No. 19) is **DISMISSED**.

Although the Court doubts that Henao will be able cure the identified deficiencies in his claims against Smiths, it will allow him the opportunity, if he so chooses, to file a motion for leave to file a second amended complaint against Smiths by **July 2, 2019**. If Henao declines to do so, or does not prevail on any such motion, the Court will enter a final order dismissing the action.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 13, 2019